*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD ZELASKO, TINA PAUL, ERIN MCBRIEN, CHRIS BERESFORD, DAVE LEONARD, JOHN KENNEDY, ANNE KENNEDY, TIMOTHY GALLAGHER, CLYDE HERRING, JOHN NIKOLAS, PATRICK DOHERTY, MARY JANE DOHERTY, JOAN BAER, ROBERT TOMLINSON, CAROLYN WHITEMAN, DOUGLAS HILL, and ALLISON KRIEG-HILL, also known as ALLISON KRIEG, also known as ALLISON HILL,

      Plaintiffs-Appellants,

FOR PUBLICATION
May 25, 2023
9:10 a.m.

v

CHARTER TOWNSHIP OF BLOOMFIELD and BLOOMFIELD TOWNSHIP BOARD OF TRUSTEES,

      Defendants-Appellees,

No. 359002
Oakland Circuit Court
LC No. 2021-186430-CZ

and

DETROIT MEETING ROOMS, INC/SHERMAN PROGRAM, INC,

      Intervening Defendant-Appellee.

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

GADOLA, J.

    Plaintiffs appeal as of right the trial court's order dismissing their complaint under MCR 2.116(I)(1). We affirm.

## I. FACTS

This appeal arises from a zoning dispute concerning a 9.84-acre parcel in Bloomfield Township owned by intervening defendant, Detroit Meeting Rooms, Inc./Sherman Program, Inc. (DMR).[1] Defendants are the Charter Township of Bloomfield and the Bloomfield Township Board of Trustees (the Township Board). In 2021, the Township Board approved a site plan and special land-use proposal for the operation of a private school and a place of worship on the parcel. Plaintiffs are 17 residents of Bloomfield Township who own property near the parcel and oppose the Township's action.

The parcel is zoned R-2, one-family residential. In 2013, DMR sought site-plan approval to operate a private school in an existing vacant building on the property. Public, private, and parochial schools are permitted uses in the R-2 zoning district. Because the Township zoning ordinance required a minimum site size of 10 acres for schools, however, DMR requested a dimensional variance allowing a .16-acre deviation from this requirement. The Township granted the variance in 2013, and Sterling Academy South opened in 2014.

In 2017, DMR sought approval to build a place of worship on the site. Places of worship are permitted uses in the R-2 zoning district, but require special land-use approval by the Township Board. A site plan and special land-use proposal submitted by DMR were considered by the Township's Planning Department and the Design Review Board, which both recommended that the matter be referred to the Planning Commission. At a public meeting on November 6, 2017, several individuals, including plaintiff Richard Zelasko, opposed the proposed special land-use and site plan. The Planning Commission tabled the matter to allow review by the Township Attorney. The Township Attorney thereafter issued an opinion addressing concerns raised by the Planning Commission and noting that DMR again would be required to seek a dimensional variance. In 2018, DMR held three meetings with surrounding neighborhood associations and modified its site plan to address concerns raised by neighboring homeowners.

On February 28, 2019, DMR applied to the Township's Zoning Board of Appeals (ZBA) for a dimensional variance of 3.22 acres and requested an interpretation of the zoning ordinance regarding whether land used for a school-related church facility counted toward the minimum acreage requirement for the school. At a meeting of the ZBA on June 11, 2019, DMR requested that the ZBA allow the school to occupy 6.78 acres and the proposed church to occupy the remainder of the parcel. A number of persons addressed the ZBA, including five plaintiffs in this case who spoke in opposition to the proposal. The Township Attorney addressed the ZBA, referring to the impact of the federal Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 USC 2000cc *et seq.* The ZBA approved a motion "to allow the existing school site

---

[1] Detroit Meeting Rooms, Inc. and Sherman Program, Inc., are entities affiliated with the Plymouth Brethren Christian Church (the Plymouth Brethren).

on 6.78 acres of the site [to] accommodate a proposed worship facility that will occupy 3.22 acres[2] of the site . . . ."

Plaintiff Richard Zelasko appealed the ZBA's decision to the circuit court, asserting that the ZBA failed to consider the proper standards for granting a dimensional variance, improperly allowed RLUIPA to override the zoning ordinance, and failed to apply RLUIPA properly. Zelasko also asserted that the decision of the ZBA was not supported by competent, material, and substantial evidence on the record, the need for the variance was self-created, the ZBA failed to consider the possibility of a lesser variance, and the ZBA did not discuss the required ordinance standards. The circuit court dismissed Zelasko's appeal in December 2019. Relying on this Court's decision in *Olsen v Chikaming Twp*, 325 Mich App 170; 924 NW2d 889 (2018), lv den sub nom *Olsen v Jude & Reed, LLC,* 503 Mich 1018 (2019), overruled in part by *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561; 983 NW2d 798 (2022), the circuit court found that Zelasko had failed to establish that he was an aggrieved party under MCL 125.3605 and therefore could not invoke the appellate jurisdiction of the circuit court to review the ZBA's decision. There is no indication that Zelasko sought to appeal the circuit court's decision to this Court.

Review of the site plan and special land use was placed on the agenda for the Township Board's November 9, 2020 meeting. Plaintiffs Zelasko and Tina Paul filed an ex parte motion in the circuit court, which entered a temporary restraining order enjoining the Township Board from considering those items at that meeting and directing the Board to reschedule consideration of the site plan and special land use, provide reasonable notice under the Open Meetings Act, MCL 15.261 *et seq.*, and "ensure that the public can make comments contemporaneously with the live meeting." The circuit court ordered consideration of the site plan and special land use at the Township Board's January 25, 2021 meeting, and the circuit court action thereafter was dismissed upon stipulation of the parties. The circuit court's order included provisions governing the conduct of the meeting via video conferencing technology, allowing DMR to present its request via audio, granting each person attending the meeting three minutes to comment via audio, and allowing DMR to rebut the public comments. The order also allowed persons who lacked the ability to comment via audio to submit comments via e-mail, to be read at the meeting. At the Township Board meeting on January 25, 2021, 35 persons commented on the site plan and special land use via audio, and 80 comments were submitted via e-mail or letter before the meeting. After receiving the comments, the Township Board approved the site plan and special land use.

Plaintiffs initiated this lawsuit against the Township and the Township Board in the circuit court on February 16, 2021, seeking declaratory relief, injunctive relief, and mandamus; plaintiffs filed an amended complaint April 1, 2021. Plaintiffs' amended complaint details defendants' actions in considering and ultimately granting DMR's special use request and approving DMR's site plan, and details the alleged damage to plaintiffs as a result of the Board's approval of DMR's site plan and special use request. The amended complaint also alleged that: (1) approval of the dimensional variance, site plan, and special land use violated various sections of the Township's

---

[2] On appeal, plaintiffs accurately note that 6.78 acres plus 3.22 acres equals 10 acres, but the parcel in question is only 9.84 acres.

zoning ordinance; (2) the Township improperly considered RLUIPA and the threat of a lawsuit by DMR when approving the site plan and special land use; and (3) the Township violated plaintiffs' due process rights.

The circuit court granted DMR's motion to intervene in the proceedings, and defendants moved for summary disposition of plaintiffs' amended complaint under MCR 2.116(C)(4). Defendants contended that the circuit court lacked subject matter jurisdiction over the dispute because a challenge to a zoning decision of a township board must be by appeal to the circuit court under MCR 7.122, and because plaintiffs were not aggrieved parties capable of invoking the circuit court's subject matter jurisdiction. After a hearing, the circuit court granted defendants summary disposition, dismissing plaintiffs' complaint under MCR 2.116(I)(1). The circuit court found that plaintiffs had failed to timely appeal the Board's decision to the circuit court, that plaintiffs were not aggrieved parties with the ability to invoke the circuit court's subject matter jurisdiction, and that plaintiffs failed to demonstrate entitlement to the declaratory, injunctive, and mandamus relief sought. The circuit court also determined that plaintiffs' due process claims were without merit, and that plaintiffs' claim that the Township Board's decision violated its ordinances was not supported by substantial evidence. Plaintiffs now appeal.

## II. DISCUSSION

### A. DUE PROCESS

Plaintiffs contend that they were denied procedural due process because the circuit court granted defendants summary disposition under MCR 2.116(I)(1) without notifying plaintiffs in advance that the court was considering dismissing the amended complaint under that court rule. We disagree that plaintiffs were denied procedural due process.

We review de novo the circuit court's decision to grant or deny a motion for summary disposition under MCR 2.116(I)(1). *AK Steel Holding Corp v Dep't of Treasury*, 314 Mich App 453, 462; 887 NW2d 209 (2016). Whether a party has been afforded due process is a constitutional question that we also review de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277-278; 831 NW2d 204 (2013).

In this case, plaintiffs' amended complaint sought declaratory relief, injunctive relief, and mandamus alleging that the Township Board unlawfully granted DMR's special land use request and approved DMR's site plan. Defendants moved for summary disposition of plaintiffs' amended complaint under MCR 2.116(C)(4), asserting that the circuit court lacked subject matter jurisdiction over the dispute because (1) plaintiffs failed to invoke the circuit court's jurisdiction by filing an appeal from the Board's decision, and (2) plaintiffs are not "aggrieved parties" in this matter and therefore cannot invoke the jurisdiction of the circuit court.

Summary disposition is warranted under MCR 2.116(C)(4) if the trial court lacks subject matter jurisdiction. *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 333; 901 NW2d 566 (2017). When determining a motion for summary disposition under MCR 2.116(C)(4), the trial court must consider "the affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties." *Henry v Laborers' Local 1191*, 495 Mich 260, 273; 848 NW2d 130 (2014).

-4-

MCR 2.116(I)(1) provides:

> If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay.

Under MCR 2.116(I)(1), the trial court *shall* enter judgment without delay (1) if the pleadings demonstrate that a party is entitled to judgment as a matter of law, or (2) if the proofs demonstrate that there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). The use of the word "shall" in the court rule indicates mandatory action. See *Wolfenbarger v Wright*, 336 Mich App 1, 30; 969 NW2d 518 (2021). Thus, if either of the two conditions of the rule is satisfied, the trial court is required to grant summary disposition. *Busuito v Barnhill*, 337 Mich App 434, 449; 976 NW2d 60 (2021).

Plaintiffs contend that the circuit court erred by granting defendants summary disposition under MCR 2.116(I)(1) when defendants moved for summary disposition under MCR 2.116(C)(4), suggesting that MCR 2.116(C)(4) and (I)(1) are mutually exclusive grounds for granting summary disposition. However, MCR 2.116(I)(1) is a corollary to the various grounds for summary disposition stated in MCR 2.116(C).[3] In *Boulton v Fenton Twp*, 272 Mich App 456, 462-463; 726 NW2d 733 (2006), this Court recognized that a sua sponte grant of summary disposition was proper under MCR 2.116(I)(1). This Court explained:

> The rule in question is one of summary disposition; its various subparts allow for disposition at any time, including to a nonmoving party, if the court determines that sufficient facts exist to render judgment. The rule does not expressly require a motion under MCR 2.116(C) in order to grant summary disposition; nor does the rule in question expressly forbid summary disposition absent a motion under MCR 2.116(C). Indeed, the rule mandates that if one of two conditions is met, then the court "shall render judgment without delay." These conditions are: the "pleadings show that a party is entitled to judgment as a matter of law" and "the affidavits or other proofs show that there is no genuine issue of material fact." [*Boulton*, 272 Mich App at 462-463.]

The circuit court in this case thus did not deny plaintiffs due process nor otherwise err by granting defendants summary disposition under MCR 2.116(I)(1), though defendants moved for summary disposition under MCR 2.116(C)(4).

Plaintiffs contend, however, that the circuit court violated their due-process rights because the circuit court did not advise them in advance that it planned to rule under MCR 2.116(I)(1). Again, we disagree. A trial court has authority to grant summary disposition sua sponte under

---

[3] See, e.g., *Gortney v Norfolk & Western R Co*, 216 Mich App 535, 539; 549 NW2d 612 (1996); *George Morris Cruises v Irwin Yacht & Marine Corp*, 191 Mich App 409, 413; 478 NW2d 693 (1991).

MCR 2.116(I)(1), but the court "may not do so in contravention of a party's due process rights." *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009). In *Al-Maliki*, the plaintiff brought suit under the no-fault act, MCL 500.3101 *et seq.*, seeking damages for alleged injuries sustained in a traffic accident. The defendant moved for summary disposition under MCR 2.116(C)(10) on the basis that the plaintiff's injuries did not satisfy the serious impairment threshold of the no-fault act. The trial court sua sponte raised the issue of causation and granted defendant summary disposition on that basis. *Id.* at 484. This Court reversed, holding that the trial court's ruling deprived the plaintiff of due process because the plaintiff had not been provided notice and a meaningful opportunity to be heard on the issue of causation, which was the basis of the trial court's ruling. *Id.* at 488-489.

Unlike *Al-Maliki*, the circuit court in this case did not grant defendants summary disposition on an issue raised sua sponte by the circuit court. Rather, defendants moved for summary disposition contending that the circuit court lacked subject matter jurisdiction because plaintiffs had failed to appeal the Board's decision and because plaintiffs were not aggrieved parties. Plaintiffs responded to defendants' motion and the parties addressed the issues at a hearing on the motion. The circuit court subsequently granted defendants summary disposition on the bases raised in their motion. Plaintiffs therefore were not deprived of notice or a meaningful opportunity to be heard on issues that formed the basis of the trial court's ruling.

Plaintiffs also cite *Lamkin v Hamburg Twp Bd of Trustees*, 318 Mich App 546; 899 NW2d 408 (2017). In that case, the plaintiff, a litigant apparently well-known to the trial court, filed a complaint alleging that the defendant unlawfully failed to enforce a zoning ordinance against the plaintiff's neighbor. Before the complaint was served on the defendants, the trial court dismissed the action sua sponte under MCR 2.116(I)(1), finding that the plaintiff lacked standing to sue under MCR 2.116(C)(5). This Court reversed the trial court's order, holding that the trial court denied the plaintiff due process and that the trial court's failure to notify the plaintiff "that it was contemplating summary disposition of her claims constitutes a fatal procedural flaw necessitating reversal." *Lamkin*, 318 Mich App at 550-551 (opinion by GLEICHER, J.). Unlike *Lamkin*, plaintiffs in this case were not unaware that the circuit court was "contemplating summary disposition" of their claims. Plaintiffs in this case were aware that defendants had moved for summary disposition, responded to the motion, and participated in the hearing on the motion. The circuit court thereafter granted defendants summary disposition on the grounds asserted in their motion.

Plaintiffs argue, however, that they lacked notice of the circuit court's intention to address the merits of Counts 1 through 4 of their amended complaint. In its opinion and order, the circuit court determined that plaintiffs could not invoke the circuit court's jurisdiction because they had failed to file an appeal, but also addressed the specifics of plaintiffs' claims, determining that plaintiffs' challenge to the 2019 dimensional variance was moot, that plaintiffs had failed to present sufficient evidence of harm to support an injunction, that plaintiffs were not entitled to a writ of mandamus nor to superintending control, and that plaintiffs could not assert the due-process rights of others (regarding plaintiffs' assertion that other members of the community had been denied due process). Although the circuit court determined the merits of plaintiffs' allegations, the circuit court granted defendants summary disposition on the basis raised by defendants' motion, namely, that the circuit court lacked subject matter jurisdiction. Plaintiffs thus had notice and an opportunity to be heard on the issue upon which the circuit court based its determination, and therefore were not denied due process. See *Airgas Specialty Products v Michigan*

*Occupational Safety and Health Admin*, 338 Mich App 482, 520; 980 NW2d 530 (2021). Plaintiffs' procedural due process claim amounts to an objection to the label the trial court applied to its grant of summary disposition, which did nothing to change the substance of the court's ruling or the due process plaintiffs plainly received.

## B. SUBJECT MATTER JURISDICTION

Plaintiffs contend that the circuit court erred by granting defendants summary disposition on the basis that plaintiffs failed to invoke the circuit court's subject matter jurisdiction. We disagree.

Subject matter jurisdiction is a court's abstract power to determine a case of a particular kind or character. *Petersen Financial LLC v City of Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018). If the facts are not disputed, we review de novo the trial court's determination regarding subject matter jurisdiction. See *Veneskey v Sulier*, 338 Mich App 539, 544; 980 NW2d 551 (2021).

In Michigan, "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. In addition, the circuit court "shall have original jurisdiction in all matters not prohibited by law." Const 1963, art 6, § 13.

The circuit court also has certain appellate jurisdiction. The circuit court has jurisdiction of an appeal of right filed by an aggrieved party from "a final order or decision of an agency from which an appeal of right to the circuit court is provided by law." MCR 7.103(A)(3). Specifically, the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, provides for judicial review of zoning decisions of a local unit of government; under § 605 of the MZEA, MCL 125.3605, a decision of a zoning board of appeals is final, subject to appellate review by the circuit court. *Olsen*, 325 Mich App at 179. MCL 125.3605 provides:

> The decision of the zoning board of appeals shall be final. A party aggrieved by the decision may appeal to the circuit court for the county in which the property is located as provided under [MCL 125.3606].

Thus, a party aggrieved by the decision of a zoning board of appeals may appeal to the circuit court. MCL 125.3605. Upon appeal, the circuit court must "ensure that the decision at issue comports with applicable law; follows from proper procedure; is supported by competent, material, and substantial evidence on the record; and constitutes a reasonable exercise of discretion." *Ansell v Delta Planning Comm*, 332 Mich App 451, 457; 957 NW2d 47 (2020), citing MCL 125.3606(1). Similarly, "[w]here a township zoning ordinance does not provide for review of a request for a special land-use permit by a zoning board of appeals, the township board's decision is final and subject to appellate review by the circuit court pursuant to Const 1963, art 6, § 28." *Ansell*, 332 Mich App at 458, quoting *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195, 200; 550 NW2d 867 (1996). See also MCR 7.122(A)(1) (stating that the rule "governs appeals to the circuit court from a determination under a zoning ordinance by any officer, agency, board, commission, or zoning board of appeals, and by any legislative body of a city, village,

township, or county authorized to enact zoning ordinances"). See also MCR 7.122(G)(2) ("In an appeal from a final determination under a zoning ordinance where no right of appeal to a zoning board of appeals exists, the court shall determine whether the decision was authorized by law and the findings were supported by competent, material, and substantial evidence on the whole record").

MCR 7.122(B) provides that an appeal of a zoning ordinance determination must be filed within the time prescribed by the statute applicable to the appeal. Regarding an appeal from a decision of a zoning board of appeals, MCL 125.3606(3) provides:

> (3) An appeal from a decision of a zoning board of appeals shall be filed within whichever of the following deadlines comes first:
>
> (a) Thirty days after the zoning board of appeals issues its decision in writing signed by the chairperson, if there is a chairperson, or signed by the members of the zoning board of appeals, if there is no chairperson.
>
> (b) Twenty-one days after the zoning board of appeals approves the minutes of its decision.

"If no time is specified in the applicable statute, the appeal must be filed within 30 days after the certification of the minutes of the board or commission from which the appeal is taken or within 30 days after the board or commission issued its decision in writing, whichever deadline comes first." MCR 7.122(B). The time limit for filing an appeal in the circuit court is jurisdictional, and the circuit court lacks jurisdiction over an untimely claim of appeal. MCR 7.104(A); *Quality Market v Detroit Bd of Zoning Appeals*, 331 Mich App 388, 393-394; 952 NW2d 603 (2019).

In this case, the Township Board issued its decision granting DMR's site plan and special land use proposal on January 25, 2021. Plaintiffs did not claim an appeal to the circuit court from the Board's decision. Instead, plaintiffs filed a complaint with the circuit court, challenging the Board's decision as contrary to the proper application of the Township's ordinances and seeking declaratory relief, injunctive relief, and a writ of mandamus. Because plaintiffs did not challenge the Board's decision by filing a timely appeal to the circuit court, the circuit court correctly concluded that the Board's decision was final and the circuit court lacked subject matter jurisdiction to review the Board's decision. See *Krohn v City of Saginaw*, 175 Mich App 193, 196-197; 437 NW2d 260 (1988).[4]

In *Krohn*, the plaintiffs filed a complaint for injunctive relief in the circuit court, challenging a decision of the defendant's planning commission granting a special land use permit and zoning code variance on a neighboring property. The circuit court dismissed the complaint for lack of subject-matter jurisdiction because the plaintiff had failed to timely claim an appeal

---

[4] Because *Krohn* was decided before November 1, 1990, this Court is not required to treat it as binding precedent, MCR 7.215(J)(1), but such decisions "are nevertheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

from the decision of the defendant's planning commission. This Court affirmed the decision of the circuit court, holding that the circuit court lacked subject-matter jurisdiction because the plaintiff failed to timely claim an appeal to the circuit court. *Id.* at 196-197. Addressing the plaintiff's claims of violation of due process, ordinance violation, and nuisance, and request for declaratory relief, this Court determined that

> With respect to each of these counts, we believe that they all raise issues relative to the decision of the planning commission and the procedures employed by the planning commission in reaching the decision. Thus, they do not establish separate causes of action, but merely address alleged defects in the methods employed by the planning commission or the result reached by the commission. [*Id.* at 198.]

This Court concluded that the plaintiff's failure to raise their challenges in an appeal deprived the circuit court of subject matter jurisdiction. *Id.*

Plaintiffs contend, however, that their complaint is distinct from an appeal because they seek declaratory, injunctive, and mandamus relief and have alleged violations of due process. It is true that the right to appeal a zoning decision does not restrict the right of a party to bring a separate complaint for relief relating to a zoning determination under certain circumstances. MCR 7.122(A)(2). However, when determining the nature of a party's claim a court is not bound by the labels given to the claims by a party but is instead obligated to look beyond the labels and determine the exact nature of the claim. *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011). The gravamen of the complaint is determined by reading the complaint as a whole and looking beyond mere procedural labels. *Id*. "A party cannot avoid dismissal of a cause of action by artful pleading." *Id*.

Here, plaintiffs' amended complaint alleges that "this lawsuit involves the use of a 9.84-acre parcel of land" identified as DMR's property in Bloomfield Township. The amended complaint details the actions of defendants in considering and ultimately approving DMR's site plan and special use request, then details the alleged damage to plaintiffs as a result of defendants' approval of DMR's site plan and special use request. Plaintiffs' amended complaint then seeks "a declaration that DMR's site plan and special use proposal, and related variances, were improperly granted by the Board of Trustees" and a declaration that the property "cannot be used as both a church and school under the township ordinances," contrary to the decision of the Board. The amended complaint requests that the circuit court declare that the Board's decision violates the township's ordinances, is contrary to law, and is not supported by the evidence. The amended complaint also requests that the circuit court declare that the use of the property for both a school and a church is unlawful and "grant injunctive relief reversing the decision of the Board of Trustee's [sic] in its entirety, including enjoining any future site plan and special use approval from causing similar violations and harms." Plaintiffs' amended complaint also seeks mandamus relief,[5] requesting that the circuit court direct defendants to lawfully perform their duties, and

---

[5] A writ of mandamus will issue only when "(1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial and involves no exercise of discretion or judgment, and

-9-

requests that the circuit court order rehearing before the Board to alleviate the alleged violation of plaintiffs' due process rights.

The circuit court correctly concluded that the gravamen of plaintiffs' original action, which is clear on the face of the amended complaint, is to overturn the Board's decision approving DMR's site plan and special use of the property, i.e., a de facto appeal of the Board's decision. As in *Krohn*, plaintiffs do not assert separate causes of action, but merely allege defects in the Board's decision and decision-making process in approving DMR's site plan and special use. See *Krohn*, 175 Mich App at 198. Although plaintiffs also assert a violation of procedural due process, that claim is not distinct from their challenge to the Board's decision and could have been properly addressed in the context of an appeal of the Board's decision.[6] Because plaintiffs did not timely claim an appeal to the circuit court, however, the circuit court was without jurisdiction to decide the dispute. MCR 7.104; *Quality Market*, 331 Mich App at 393-394; *Krohn*, 175 Mich App at 196-197.

Because plaintiffs' original action in the circuit court was simply a challenge to the Board's decision outside of the appellate process, plaintiffs' complaint was an impermissible collateral attack of the Township Board's decision. A party aggrieved by a decision in an earlier proceeding may only challenge the decision by appeal of the decision within the context of that proceeding. *In re Application of Indiana Michigan Power Co to Increase Rates*, 329 Mich App 397, 406; 942 NW2d 639 (2019) (quotation marks and citation omitted). When a party uses a second proceeding to attack a tribunal's decision in a previous proceeding, the party collaterally attacks the decision from the previous proceeding. *Id*. A collateral attack generally is impermissible; only decisions that are void for lack of subject matter or personal jurisdiction may be collaterally attacked. *Id*., citing *Workers' Compensation Agency Dir v MacDonald's Indus Prods, Inc (On Reconsideration)*, 305 Mich App 360, 475; 853 NW2d 467 (2014).

Plaintiffs also suggest that our Supreme Court overruled *Krohn* by implication in *Houdini Properties, LLC v City of Romulus*, 480 Mich 1022 (2008). We disagree. In *Houdini Properties*, the plaintiff sought a use variance before the defendant's ZBA to erect a billboard, asserting constitutional claims including that denial of the use variance would constitute a taking. The ZBA denied the application, and the plaintiff appealed to the circuit court, contending that denial of the use variance was a taking. While the appeal was pending, the plaintiff filed a separate civil action for damages from the same denial, asserting a taking, denial of substantive due process, and deprivation of civil rights under 42 USC 1983. The circuit court first decided the appeal, affirming denial of the variance and thereby effectively denying the plaintiff's taking claim. In the separate civil action, the circuit court then granted summary disposition in favor of the defendant in part on the basis of res judicata. This Court affirmed. See *Houdini*, 480 Mich at 1024 (CORRIGAN, J., dissenting). In a one-paragraph order, our Supreme Court reversed the decision of this Court and

---

(4) no other remedy exists, legal or equitable, that might achieve the same result." *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001). Here, the remedy of an appeal existed but plaintiffs failed to pursue that remedy.

[6] We observe, however, that plaintiffs appear to have fully participated in the process before the Township Board and it is unclear what further process they assert is due them.

remanded to the circuit court for further proceedings, concluding in part that the ZBA did not have jurisdiction over the plaintiff's substantive due process and taking claims. See *Houdini*, 480 Mich at 1022. As a result, those issues were not properly before the circuit court in the appeal from the ZBA decision; the circuit court's decision in the appeal from the ZBA regarding those issues thus did not preclude by res judicata the plaintiff's civil action raising those constitutional claims. *Id*. at 1022-1023. By remanding those claims to the circuit court under the specific facts of *Houdini*, however, our Supreme Court did not implicitly overrule *Krohn*, which is factually distinguishable from *Houdini*, nor determine that procedural due process claims necessitate original actions separate from appeals of a decision of a township board.[7]

In this case, the Township Board approved a site plan and a special land use request; plaintiffs did not appeal the Board's decision to the circuit court but instead filed suit against the Township in the circuit court seeking to overturn the decision of the Township Board by an original action. The circuit court concluded that plaintiffs could not invoke the circuit court's subject matter jurisdiction to review the decision of the Township Board by filing an original action in the circuit court. We agree; plaintiffs only could invoke the circuit court's subject matter jurisdiction to review the Board's decision by appeal of that decision to the circuit court. See *Krohn*, 175 Mich App at 196-197. Because plaintiffs did not challenge the Board's decision by filing a timely appeal to the circuit court, the circuit court correctly concluded that it lacked subject matter jurisdiction over the dispute. See *id*.

Plaintiffs direct this Court's attention to our Supreme Court's decision in *Saugatuck Dunes*, 509 Mich 561. In *Saugatuck Dunes*, the plaintiff appealed two decisions of the Saugatuck Township Planning Commission to the Saugatuck Township Zoning Board of Appeals (ZBA),

---

[7] Similarly, plaintiffs rely on certain opinions of this Court that are inapposite. In *Connell v Lima Twp*, 336 Mich App 263, 266; 970 NW2d 354 (2021), this Court determined that the plaintiffs in that case were not required to exhaust administrative remedies by appealing a rezoning decision of the defendant township because rezoning decisions are legislative decisions and therefore not subject to the appeal process applicable to administrative decisions of the township. In *KL Properties Holdings, LLC v Ann Arbor Charter Twp*, unpublished per curiam opinion of the Court of Appeals, issued February 4, 2020 (Docket No. 348167); p 13, 16, this Court determined that certain of the plaintiffs' claims were properly pleaded as a separate cause of action rather than as part of an appeal because the claims sought relief beyond that available through judicial review by the circuit court of the township's decision, and as a result the plaintiffs' claims were not merely a collateral attack on an administrative decision. This Court explained that the right to appeal the township's decision did not restrict the plaintiffs' right to bring a claim seeking relief apart from overturning the township's decision. In *Whitmore Lake 23/LLC v Ann Arbor Charter Twp*, unpublished opinion per curiam of the Court of Appeals, issued April 28, 2011 (Docket No. 294696); p 5, this Court acknowledged that the plaintiffs had pursued both an appeal from the defendant's zoning ordinance and separate claims in the circuit court alleging violation of substantive due process and of equal protection. Unlike *Connell*, *KL Properties*, and *Whitmore Lake*, plaintiffs in this case seek to overturn an administrative decision of the Township Board through an original circuit court action, seeking relief that is indistinguishable from the relief available by appeal, namely, overturning the Township's administrative decision.

which concluded that the plaintiff lacked standing to challenge the decisions. *Id*. at 572-573. The plaintiff then appealed the ZBA decisions to the circuit court, adding original claims for declaratory and injunctive relief and abatement of an alleged nuisance to their appeal of the ZBA decisions. The circuit court affirmed and dismissed the appeals without addressing the appellant's original claims. *Id*. at 573. On appeal, this Court consolidated the cases and affirmed the decisions of the circuit court, holding that the plaintiff lacked standing to appeal because the plaintiff was not a "party aggrieved" within the meaning of MCL 125.3605, but remanded to the circuit court for plenary consideration of the plaintiff's original claims. *Id*. at 574-576. Our Supreme Court vacated the portion of this Court's opinion affirming the circuit court's dismissal of the appeals, overturning the previous long-standing meaning of "party aggrieved," and remanding to the circuit court for reconsideration of the plaintiff's arguments regarding standing, as well as the plaintiff's original causes of action. *Id.* at 600.

In this case, plaintiffs argue that their requests for declaratory relief, injunctive relief, and mandamus are original claims appropriate for determination by the circuit court. As discussed, however, plaintiffs' claims all seek to overturn the Township Board's approval of DMR's site plan and special use request and are indistinguishable from relief typically sought on appeal, despite the labels given the claims in the amended complaint. Further, unlike *Saugatuck Dunes*, plaintiffs in this case failed to appeal the Township Board's decision to the circuit court, thereby failing to invoke the circuit court's subject matter jurisdiction. Again, plaintiffs' failure in this case to timely claim the appeal rendered the circuit court without jurisdiction to decide the dispute. MCR 7.104; *Quality Market*, 331 Mich App at 393-394; *Krohn*, 175 Mich App at 196-197.

Plaintiffs argue that the trial court erred by refusing to recharacterize plaintiffs' amended complaint as an appeal because the complaint was filed within the time period for filing an appeal. However, MCR 7.122(B) clearly states the time within which an appeal must be filed; the time limit for filing an appeal in the circuit court is jurisdictional and the circuit court lacks jurisdiction over an untimely filed claim of appeal. *Quality Market*, 331 Mich App at 393. Nor could the circuit court in this case consider plaintiffs' complaint as a delayed application for leave to appeal. MCR 7.103(B)(4) provides that the circuit court may grant leave to appeal from "a final order or decision of an agency if an appeal of right was not timely filed and a statute authorizes a late appeal." Here, the plaintiffs point to no statute authorizing a late appeal or an appeal by leave granted. The circuit court therefore lacked authority to consider plaintiffs' complaint as an application for leave to appeal or a delayed appeal.

## C. RES JUDICATA

Plaintiffs also contend that the circuit court erred by finding that the decision in plaintiff Zelasko's earlier appeal from the 2019 dimensional variance granted to DMR deprived the trial court of subject-matter jurisdiction over this case on the basis of res judicata. We disagree that the circuit court dismissed plaintiffs' complaint on the basis of res judicata.

The doctrine of res judicata precludes relitigation of a claim predicated on the same underlying transaction litigated in a prior case. *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013). A subsequent action is barred by res judicata when the prior action was decided on the merits, both actions involve the same parties or their privies, and the matter in the second action was or could have been resolved in the first action. *Adair v Michigan*, 470 Mich 105, 121;

680 NW2d 686 (2004). Whether a claim is barred by res judicata or collateral estoppel is a question of law reviewed de novo by this Court. *King v Munro*, 329 Mich App 594, 599; 944 NW2d 198 (2019).

In their motion for summary disposition, defendants contended that plaintiff Zelasko was collaterally estopped from arguing that he is an aggrieved party by the circuit court's decision in his earlier appeal that he was not an aggrieved party, and that the other plaintiffs were similarly estopped because they alleged the same injuries as Zelasko. Plaintiffs argued that the issues of their standing and status as aggrieved parties were not barred by res judicata. The circuit court noted defendants' res judicata argument and observed that Zelasko did not appeal the circuit court's decision dismissing his earlier appeal of the 2019 decision granting DMR a variance, meaning that decision had become final. The circuit court did not grant defendants summary disposition on the basis of res judicata, however, but rather held that it lacked subject matter jurisdiction because plaintiffs had not appealed the Board's decision to the circuit court.[8] Because the circuit court did not grant defendants summary disposition on the basis of res judicata, plaintiffs' res judicata argument necessarily fails.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Deborah A. Servitto

---

[8] The circuit court also found that plaintiffs were not aggrieved parties able to invoke the circuit court's subject matter jurisdiction, relying on this Court's decision in *Olsen*, which was thereafter overruled in part by *Saugatuck Dunes*, in which the Supreme Court held that the MZEA does not require a party challenging a zoning decision to demonstrate "special damages only by comparison to other real-property owners similarly situated." *Saugatuck Dunes*, 509 Mich at 569. Because we conclude that the circuit court correctly held that it lacked subject matter jurisdiction because plaintiffs failed timely to claim an appeal to the circuit court, we need not reach plaintiffs' additional assertion of error that the circuit court incorrectly determined that they were not aggrieved parties.